UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOHN GILBERT PEREZ SR.,** § § *Plaintiff*, § § v. § § **BEST BUY STORES, L.P.,** § § *Defendant*. § | Civil Action No. SA-20-CV-00812-XR |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant Best Buy's Motion for Summary Judgment (ECF No. 21) on the issue of limitations, and the response and reply thereto. Plaintiff filed this lawsuit two days before the statute of limitations expired, and did not effect service for six months. The issue is whether Plaintiff failed to exercise due diligence in serving Best Buy such that his claims are barred by the statute of limitations. After careful consideration, the Court finds that material fact issues exist and denies summary judgment.

**Background**

On July 20, 2017, Plaintiff John Gilbert Perez, Sr. was injured at Best Buy when he leaned on the bathroom toilet paper dispenser, and it fell off the wall, causing him to fall. Plaintiff filed suit in Bexar County district court on July 18, 2019, naming Best Buy North Star as defendant. ECF No. 1-3. On January 21, 2020, Best Buy North Star was served via CT corporation. ECF No. 1-4.

On June 26, 2020, Best Buy Stores, L.P. filed a First Amended Answer, Affirmative Defense, and Verified Denial, denying that Best Buy North Star was a proper party and stating that Best Buy Stores, L.P. is the occupier of the premises in question. ECF Nos. 1-5, 1-8. On July

1

9, 2020, Plaintiff served Best Buy Stores, L.P. with his First Amended Original Petition. Best Buy Stores, L.P. then removed the case on July 13. ECF No. 1. Best Buy Stores, L.P. filed an "original federal answer" that same date, again asserting the affirmative defense of limitations. ECF No. 2. On November 20, 2020, Best Buy Stores, L.P. filed this motion for summary judgment on the basis of limitations, arguing that Plaintiff did not exercise due diligence in serving Best Buy as a matter of law. Plaintiff opposes the motion.

**Applicable Legal Standards**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In making the determination of whether a genuine issue of material fact exists, the court reviews the facts and inferences to be drawn from them in the light most favorable to the non-moving party. *Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co., Inc.*, 336 F.3d 410, 412 (5th Cir. 2003). Defendant bears the burden on summary judgment to conclusively prove the defense of limitations.

A suit for personal injuries must be brought within two years from the time the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). In other words, if the plaintiff does not serve the defendant until after the limitations period has expired, the claim will not be barred by the statute of limitations only if the

plaintiff exercises due diligence in procuring service on defendant. *Rodriguez v. Safeco Ins. Co. of Ind.*, No. SA-18-CV-00851-OLG, 2019 WL 650437, at *2 (W.D. Tex. Jan. 7, 2019).

When a defendant affirmatively pleads the defense of limitations and shows the failure to timely serve the defendant, "the burden shifts to the plaintiff . . . to explain the delay" by presenting evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay. *Proulx*, 235 S.W.3d at 216. The plaintiff's explanation of its service efforts may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. *Id.* But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Id.*

"The determination of due diligence is usually a fact question . . . [h]owever, lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for [the] failure to procure service." *Saenz v. Keller Indus. of Tex., Inc.*, 951 F.2d 665, 667 (5th Cir. 1992). "In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216. Generally, the question of the plaintiff's diligence "is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.*

## Analysis

It is undisputed that although Plaintiff filed suit on July 18, 2019, two days before the statute of limitations expired, Plaintiff did not serve Defendant until January 21, 2020, six months after the limitations period expired. The issue is whether Plaintiff was diligent in

effecting service such that the date of service will relate back to the timely filing of the Original Petition.

Defendant contends that Plaintiff did not exercise due diligence as a matter of law, asserting that Plaintiff did not even request service until January 8, 2020. Plaintiff rebuts this assertion and provides evidence in the form of counsel's affidavit and documentation showing that Plaintiff filed an official "request for process" and requested "rush" service[1] on July 18, 2019, the same day he filed the Original Petition. Plaintiff states he received an e-notice that the Petition was accepted by the clerk's office but did not realize the request for service had been rejected. Plaintiff states it was rejected for insufficient funds, even though counsel had submitted the required fees. The e-notice is dated 7/29/2019 and is two pages. The second page states at the top, "Filing Status Rejected," then lists the request for process and states "rejection information," "rejection reason insufficient fees." It further contains the comment, "The service and copy fees were removed when you filed the original petition. The Clerk advised you by the acceptance comment. Please resubmit your request form and select the service fee and the copy fee. Also please be advised that the Bexar County Sheriff office only services in Bexar County and not Dallas. Thank you. Brenda C."

On July 19, Plaintiff emailed Defendant a file-stamped copy of the Petition, as had been requested by Defendant's agent so she could "assign appropriate defense counsel to put in an Answer and start the discovery process." Plaintiff's counsel, unaware that the request for service had been rejected, expected that Defendant would file an answer in early September 2019. Shortly after the lawsuit was filed, Plaintiff's counsel's paralegal assigned to the case unexpectedly resigned, and she did not notify anyone that the request for service had been rejected.

---

[1] In the "comments to the court" section, counsel wrote, "please rush citations, thank you kindly!"

4

Plaintiff claims that, because service had been requested and paid for and because Defendant was provided with an email copy, counsel did not realize there was a potential problem. Counsel states he did not realize that Defendant had failed to file an answer until October 2019. Over the next three months, Plaintiff's counsel contacted multiple process servers, but counsel states "that process was plagued by individuals who assured us that they could complete the job but then failed to follow through or return communication" and "our efforts were further hampered by the holiday season as it limited the number of process servers taking new jobs." Plaintiff's counsel eventually personally requested service on January 8, 2020, and Defendant was served January 21, 2020. Plaintiff contends counsel's efforts at service were reasonable and involved "a series of uncommon circumstances that made service of process uniquely difficult in this case."

Defendant is correct that not requesting service for over five months from filing suit would affirmatively demonstrate a lack of due diligence. *See Proulx*, 235 S.W.3d at 217 (citing *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.–Corpus Christi 1991, no writ)). However, Plaintiff has shown that counsel did request service at the time of filing. Thus, cases in which no action was taken for months are inapposite. Defendant states that it was unaware that Plaintiff had requested service in July 2019, but replies that Plaintiff's explanations nevertheless demonstrate a lack of due diligence as a matter of law because they inappropriately place the blame on others – the clerk, the former paralegal, the process servers, and the holiday season – rather than on Plaintiff and his counsel.

To overcome summary judgment, the plaintiff's evidence must explain every period of delay, *Gant*, 786 S.W.2d at 260, and each explanation must be legally proper. Here, there are two periods of delay – delay from the time of filing on July 18, 2019 until counsel realized at some

5

unspecified time in October 2019 that no answer had been filed, and delay from October 2019 until Plaintiff successfully requested and obtained service in January 2020.

As noted, Plaintiff requested service at the time he filed suit and submitted the required fees. Under Texas law, "ordinarily a plaintiff may rely on the clerk to perform his official duty of issuing the citation, yet when he learns, or by the exercise of reasonable diligence should learn, that the clerk has failed to do so, it is then encumbent on him to see that it is done." *Buie v. Couch*, 126 S.W.2d 565, 566 (Tex. Civ. App.–Waco 1939, writ ref'd). Defendant contends that Plaintiff's counsel was not diligent, insofar as he was notified of the rejection through the e-filing system, improperly blames a paralegal, and did not exercise diligence in checking on service until October 2019.

In line with the other courts of appeals, the Austin Court of Appeals has held that "case law supports the existence of a fact question when a plaintiff attempts timely service but miscommunications or mistakes by the district clerk's office unknown to the plaintiff result in service being unsuccessful." *Int'l Fidelity Ins. Co. v. State*, No. 03-09-00539-CR, 2010 WL 4366910, at *4 (Tex. App.–Austin 2010, no pet.); *see also Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1019 (W.D. Tex. 2000) ("In cases where due diligence has been found, at least to raise a fact question, the plaintiff made some efforts to procure service but by mistake or clerical error was not immediately successful."). "[A]n ordinarily prudent person would check whether the original citation was actually served when the defendant failed to file an answer within a reasonable amount of time." *Holmes v. Tex. Mut. Ins. Co.*, 335 S.W.3d 738, 742 (Tex. App.–El Paso 2011, pet. denied). However, Texas Courts of Appeals disagree as to how long counsel may assume that the clerk is fulfilling its duty to effect service before the delay becomes unreasonable.

It appears clear that counsel may wait four weeks before checking on service, *Shaw v. Lynch*, No. 01-15-00040-CV, 2016 WL 1388986 (Tex. App.–Houston [1st Dist.] Apr. 7, 2016), and "Texas courts have consistently held that unexplained delays of five and six months in procuring issuance and service of citation constitute a lack of due diligence as a matter of law," *Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex. App.–San Antonio 2001, pet. denied). But periods in between fall in a bit of a gray area.

The First Court of Appeals in *Shaw v. Lynch*, No. 01-15-00040-CV, 2016 WL 1388986 (Tex. App.–Houston [1st Dist.] Apr. 7, 2016), found a fact issue where plaintiff filed suit and requested service four days before limitations expired, but failed to discover that service was not effected for four weeks and then took steps to effect service. The request for service directed the district clerk to place process in the "box" designated for legal support, and the clerk issued the citation the next day. Counsel testified that he anticipated service "within one to two weeks" and the filing of an answer "within approximately 30 days" after issuance of citations. He thus made inquiries with the clerk's office after four Mondays had passed without an executed return or answer, and learned that his legal support had not received process from the district clerk. Legal support then received process approximately one month after suit was filed, made numerous calls to process servers, but was unsuccessful, and ultimately directed a fellow process server to drive to Beaumont to effectuate service on the defendant two months after suit was filed. The Court of Appeals held that the evidence did not suggest that counsel "wholly ignored" his duty to timely procure and effectuate service and he "had no reason to suspect a problem with service of process on [the defendant] until he learned that no return had been filed and [the defendant] had not filed an answer." The Court of Appeals held that the plaintiff raised a genuine issue of

7

material fact as to diligence, and the defendant failed to show a lack of due diligence as a matter of law.

In *Stoney v. Gurmatakis*, No. 01-09-00733-CV, 2010 WL 1840247, the Houston First District Court of Appeals held that failing to check on service for two months is not reasonable or diligent:

> Similarly, Stoney failed to provide any explanation for her approximately two month delay in inquiring with the clerk's office about procuring a citation, and her counsel ultimately learned that the failure to issue the citation was attributable to the lack of payment of requisite fees. We conclude that the evidence presented to the trial court established, as a matter of law, that Stoney failed to use diligence in procuring the citation and effecting service on Gurmatakis. Accordingly, we hold that the trial court did not err in granting summary judgment in favor of Gurmatakis.

2010 WL 1840247, at *4. The court noted, "We need not consider the specific number of days that a clerk should be given to issue a properly requested citation before a diligent party should inquire about the status of procuring the citation. Rather, we simply hold that, on these facts, Stoney's unexplained delay in waiting to inquire about the status of the citation shows lack of diligence as a matter of law." *Id.* at *4 n.4.

A few Court of Appeals decisions indicate that waiting three months – the amount of time counsel waited in this case -- is not reasonable. The Fort Worth Court of Appeals noted that "[a]fter three months, case law dictates that the clerk's responsibility to serve citation is replaced by the plaintiff's duty to ensure that service actually took place." *Tarrant Cnty. v. Vandigriff*, 71 S.W.3d 921, 926 (Tex. App.–Fort Worth 2002, pet. denied). In establishing a three-month rule, the Fort Worth Court of Appeals in *Vandigriff* cites to *Boyattia v. Hinojosa*, 18 S.W.3d 729 (Tex. App.–Dallas 2000, pet. denied), in which the Dallas Court of Appeals held that, even when service is properly requested and a party may ordinarily rely on the clerk to perform his duty within a reasonable amount of time, "an unexplained three-month delay is not a reasonable time

8

for the clerk to deliver a citation as directed by a party" and counsel "should have known the clerk was not fulfilling his duty to deliver the County's citation within a reasonable time" and "was thus obligated to make an effort to ensure that delivery was accomplished." Thus, counsel's failure to point to any actions taken during the three-month period the citation remained with the clerk showed a lack of diligence as a matter of law. The First District Court of Appeals cited this case with approval in *Bilinsco Inc. v. Harris County Appraisal Dist.*, 321 S.W.3d 648, 652 (Tex. App.–Houston [1st Dist.] 2010, pet. denied).

In contrast, the Dallas Court of Appeals in *Beshirs v. Pipemaster Corp.*, No. 05-98-02088-CV, 2001 WL 537525 (Tex. App.–Dallas 2001, no pet.) held that a fact issue existed when counsel waited four months before checking on the status of service. There, counsel filed suit in December 1997, one day before the two-year limitation period expired, and requested service via the Secretary of State immediately after filing suit, but failed to pay the proper fee such that the citation was never forwarded to the Defendant. The Secretary of State's office did not notify counsel of the deficiency, and counsel waited until April 1998 before checking on the status of service. Upon learning that service had not occurred (and in fact the case had been dismissed for want of prosecution), counsel immediately took steps to reinstate the case and effect service (by June 3, 1998), such that service was accomplished in less than six months and "counsel provided some explanation for the delay in obtaining service." *Id.* at *3. The Dallas Court of Appeals noted that it was counsel's responsibility to ensure that service was properly executed, but nevertheless held that the record "presents a fact issue on whether [plaintiff] was diligent in obtaining service," thus reversing the trial court's grant of summary judgment. *Id.* at *4. *See also Edwards v. Kaye*, 9 S.W.3d 310 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (finding fact issue where service was properly requested, there was a 12-week interval

between the time plaintiff filed suit and the time he was notified no service issued, and his attorney was in out-of-town trial during that period such that he was unaware that service had not issued until notified by the court); *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126 (Tex. App.–Texarkana 1986, no writ) (delay from August to January in discovering that service had not been effected due to error in fee payment, with law clerk who had handled the case leaving during that time, held to raise a fact issue).

In this case, although Plaintiff's counsel properly requested service and submitted the proper fees, something went wrong with the fee payment. Although Plaintiff's counsel was notified of the subsequent rejection of the request for service by e-notice, he failed to notice the rejection contained in the same notice as his filing acceptance. Counsel apparently relied on a paralegal, but that paralegal left soon after suit was filed, and did not inform counsel of the rejection of the service request. Counsel was in communication with defense counsel and had provided a courtesy copy of the Petition, and thus did not realize that service had not occurred or that no answer had been filed until October 2019. "[A]n ordinary, prudent attorney may not suspect a problem . . . until an answer is not filed." *Keeton v. Carrasco*, 53 S.W.13, 20 (Tex. App.–San Antonio 2001, pet. denied). Once counsel realized that no answer had been filed, he took steps to determine the problem. Plaintiff has offered some explanation for the delay between July and October, and the Court finds that a fact issue exists. Defendant has not shown a lack of due diligence as a matter of law.

As to the second period of delay, once counsel realized that service had not occurred, Plaintiff explains that he contacted process servers, but had issues with their reliability and availability during the holiday season, until he finally requested service himself on January 8, 2020. Although counsel's affidavit lacks specificity as to how many process servers he contacted

and when, the Court cannot say on the current record that Defendant has shown lack of diligence during this period as a matter of law. *See Shaw v. Lynch*, No. 01-15-00040-CV, 2016 WL 1388986 (where counsel actively investigated problem with service and explained unsuccessful efforts to obtain service during the period of delay, the evidence raised a genuine issue of material fact as to plaintiff's diligence).

Whether a plaintiff has exercised diligence is usually a question of fact. The Court finds that Defendant has not shown that Plaintiff failed to exercise due diligence as a matter of law, and that fact issues remain. Accordingly, the motion for summary judgment is denied.

## Conclusion

Defendant's motion for summary judgment on limitations (ECF No. 21) is DENIED.

It is so ORDERED.

SIGNED February 5, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE